IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| RANDY M. RUDEL, | ) | CIV. NO. 15-00539 JMS-BMK |
| | ) | |
| Plaintiff, | ) | |
| | ) | FINDINGS AND |
| vs. | ) | RECOMMENDATION TO GRANT |
| | ) | PLAINTIFF'S MOTION TO |
| HAWAII MANAGEMENT | ) | REMAND (DOC. 10) |
| ALLIANCE ASSOCIATION, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

FINDINGS AND RECOMMENDATION TO GRANT
PLAINTIFF'S MOTION TO REMAND (DOC. 10)

Before the Court is Plaintiff Randy M. Rudel's Motion to Remand

(Doc. 10).   After careful consideration of the Motion and the supporting and

opposing memoranda, the Court finds and recommends that the Motion to Remand

be GRANTED.[1]

BACKGROUND

On December 29, 2014, Rudel sustained catastrophic, life-altering

injuries when a vehicle driven by Kathe Goldscharek turned into his motorcycle in

Kailua-Kona.   (Petition at 2.)   Rudel underwent eight surgeries and twenty-eight

procedures on his left leg, including partial amputation.   (Id.) He also had six

_____

[1] The Court elects to decide this Motion without a hearing, pursuant to Local Rule 7.2(d).

surgeries and twenty procedures done to his left forearm including partial amputation.   (Id.)   He remains at risk of further amputation of his left arm and leg. (Id. at 6.)   Rudel incurred over $600,000 in medical expenses, some of which was paid by his health insurance company, Defendant Hawaii Management Alliance Association ("HMAA").   (Id. at 6.)

The driver of the vehicle that hit Rudel, Kathe Goldscharek, was insured by Allstate Insurance Company.   (Id. at 8.)   Allstate offered to pay Rudel the policy limits of Goldscharek's insurance coverage in the amount of $1,500,000 pursuant to a general damages only release.   (Id. at 8-9.)   Rudel accepted the policy limits offer on August 17, 2015.   (Id. at 9.)

On November 16, 2015, HMAA sent a letter to Rudel's counsel, stating that it was entitled to reimbursement in the amount of $400,779.70. (Exhibit 1 attached to Petition.)   HMAA placed on lien on Rudel's settlement in that amount.   (Id.)

On December 9, 2015, Rudel filed the instant Petition for Determination of Validity of Claim of Lien of HMAA in state court.   The Petition is brought pursuant to Haw. Rev. Stat. § 431:13-103(a)(10) and § 663-10 and seeks a determination of the validity of HMAA's claim of lien against Rudel's settlement.

On December 29, 2015, HMAA removed the action to federal court.

Rudel now seeks to remand this action to state court, arguing that his state law claim

for determination of the validity of HMAA's claim of lien is not completely

preempted by ERISA and, therefore, that this Court lacks federal jurisdiction over

this action.

<u>DISCUSSION</u>

    1.  Removal and Complete Preemption Under ERISA 502(a)

    Under 28 U.S.C. § 1441, a defendant may remove an action filed in

state court to federal court if the federal court would have original subject matter

jurisdiction over the action.   <u>Moore-Thomas v. Alaska Airlines, Inc.</u>, 553 F.3d

1241, 1243 (9th Cir. 2009).   Federal courts have original jurisdiction over "all civil

actions arising under the Constitution, laws, or treaties of the United States."

28 U.S.C. § 1331.   "Generally speaking, 'a cause of action arises under federal law

only when the plaintiff's well-pleaded complaint raises issues of federal law.'"

<u>Marin Gen. Hosp. v. Modesto & Empire Traction Co.</u>, 581 F.3d 941, 944 (9th Cir.

2009) (brackets omitted).   However, "there is an exception to the well-pleaded

complaint rule for state-law causes of action that are completely preempted by

[ERISA] § 502(a)."   <u>Id.</u>

    "Complete preemption under § 502(a) is 'really a jurisdictional rather

than a preemption doctrine, as it confers exclusive federal jurisdiction in certain

3

instances where Congress intended the scope of a federal law to be so broad as to entirely replace any state-law claim.'" Id. at 945 (brackets omitted). In articulating this doctrine, the Supreme Court "held that § 502(a) reflected Congress's intent to 'so completely pre-empt a particular area that any civil complaint raising this select group of claims is necessarily federal in character.'" Id. (citing Metro. Life Ins. v. Taylor, 481 U.S. 58, 63-64 (1987)). The Court explained that while "'federal pre-emption is ordinarily a federal defense to the plaintiff's suit,' Congress had 'clearly manifested an intent to make causes of action within the scope of the civil enforcement provisions of § 502(a) removable to federal court.'" Id. (citing Metro., 481 U.S. at 63, 66).

"A party seeking removal based on federal question jurisdiction must show either that the state-law causes of action are completely preempted by § 502(a) of ERISA, or that some other basis exists for federal question jurisdiction." Id. "If a complaint alleges only state-law claims, and if these claims are entirely encompassed by § 502(a), that complaint is converted from 'an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" Id. "But 'if the doctrine of complete preemption does not apply, . . . the district court is without subject matter jurisdiction." Id. (brackets omitted).

4

2.  Rudel's State Law Claim

Rudel's claim seeks a determination of the validity of HMAA's claim of lien against his settlement with Allstate.   Rudel's claim is brought pursuant to Haw. Rev. Stat. § 431:13-103(a)(10) and § 663-10.

Section 431:13-103(a)(10) defines the following action as an "unfair or deceptive act[] or practice[] in the business of insurance":

> (10) Refusing to provide or limiting coverage available to an individual because the individual may have a third-party claim for recovery of damages; provided that:
> (A) Where damages are recovered by judgment or settlement of a third-party claim, reimbursement of past benefits paid shall be allowed pursuant to section 663-10.

Haw. Rev. Stat. § 431:13-103(a)(10).   In turn, section 663-10 allows a party to petition the court to determine the validity and amount of a lien against a third-party settlement:

> (a) In any civil action in tort, the court, before any judgment or stipulation to dismiss the action is approved, shall determine the validity of any claim of a lien against the amount of the judgment or settlement by any person who files timely notice of the claim to the court or to the parties in the action.   The judgment entered, or the order subsequent to settlement, shall include a statement of the amounts, if any, due and owing to any person determined by the court to be a holder of a valid lien and to be paid to the lienholder out of the amount of the corresponding special damages recovered by the judgment or settlement.

5

> . . . If there is a settlement before suit is filed or there is no
> civil action pending, then any party may petition a court of
> competent jurisdiction for a determination of the validity
> and amount of any claim of a lien.

Haw. Rev. Stat. § 663-10 (a) (emphases added).

This Court must determine whether Rudel's state law claim pursuant to Haw. Rev. Stat. § 431:13-103(a)(10) and § 663-10 is completely preempted by ERISA § 502(a).

      3.  Whether Rudel's State Law Claim is Completely Preempted by ERISA § 502(a)

In Aetna Health Inc. v. Davila, 542 U.S. 200, 210 (2004), the United States Supreme Court formulated a two-prong test for determining whether a state law cause of action is completely preempted by ERISA § 502(a).  "A state-law cause of action is completely preempted if (1) 'an individual, at some point in time, could have brought the claim under ERISA § 502(a)(1)(B),' and (2) 'where there is no other independent legal duty that is implicated by a defendant's actions.'" Marin, 581 F.3d at 946 (brackets omitted).  Because this "two-prong test . . . is in the conjunctive," a "state-law cause of action is preempted by § 502(a)(1)(B) only if both prongs of the test are satisfied."  Id. at 947.  Additionally, the "complete preemption doctrine applies to the other subparts of § 502(a) as well."  Fossen v. Blue Cross & Blue Shield of Mont., Inc., 660 F.3d 1102, 1108 (9th Cir. 2011)

6

With respect to the first prong of the test, this Court must determine whether Rudel could have brought his state law claim under ERISA § 502(a). Rudel argues that he could not have brought his claim under the civil enforcement provisions of § 502(a) because "this is not a suit for benefits under a plan," as he "is not seeking funds or benefits to which he is entitled under an ERISA plan." (Motion at 10.)   HMAA counters that the claim could have been brought under § 502(a)(1) or (3), arguing that Rudel's "dispute is . . . about a benefit provided to him under the Plan."   (Opp. at 10.)

ERISA § 502(a)(1) authorizes civil enforcement actions by participants or beneficiaries "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."   Section 502(a)(3) permits actions by participants or beneficiaries "(A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan."   29 U.S.C. § 1132(a).

Rudel's claim in his Petition simply seeks a determination by the Court of the validity of HMAA's claim of lien against the settlement he recovered from Allstate.   He does not seek to recover benefits from HMAA under the terms

of his plan, nor is he attempting to enforce or clarify his rights under the terms of the plan.   <u>See</u> 29 U.S.C. § 1132(a)(1).   Further, Rudel does not allege that HMAA violated ERISA, is not seeking to enjoin actions that violate ERISA, and does not seek equitable relief relating to violations of ERISA.   <u>See</u> 29 U.S.C. § 1132(a)(3). Rather, he seeks protection from Hawaii state insurance law that limits the amount of a valid lien to "the amount of the corresponding special damages recovered by the . . . settlement."   Haw. Rev. Stat. § 663-10(a).   Rudel's claim could not have been brought under ERISA § 502(a)(1) or (3).

In a factually similar case, the Second Circuit Court of Appeals recently held that the plaintiffs' state law claims could not have been brought under ERISA § 502(a).   In <u>Wurtz v. Rawlings Co., LLC</u>, the plaintiffs filed suit in state court seeking to enjoin defendant insurers from obtaining reimbursement of medical benefits from plaintiffs' tort settlements under New York law.   761 F.3d 232, 236 (2d Cir. 2013).   They sought a declaration that defendants did not have the right to seek reimbursement or subrogation of medical benefits against their settlements.   <u>Id.</u> at 237.   The defendants removed the case to federal district court, which dismissed the case.   <u>Id.</u> at 237.

On appeal, the Second Circuit had to decide whether the plaintiffs' state law claims were completely preempted by ERISA § 502(a)(1)(B).   With

respect to the first prong of the test, the court concluded that the plaintiffs could not

have brought their claims under § 502(a)(1)(B), reasoning:

> ERISA § 502(a)(1)(B) allows a plaintiff "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."   The claims in plaintiffs' complaint seek to do none of these things.   Plaintiffs do not contend that they have a right to keep their tort settlements "under the terms of their plans"—rather, they contend that they have a right to keep their tort settlements under N.Y. Gen. Oblig. Law § 5–335.   They also do not seek to "enforce" or "clarify" their rights "under the terms of their plans" because the state right they seek to enforce—to be free from subrogation—is not provided by their plans.   Indeed, the terms of plaintiffs' ERISA plans are irrelevant to their claims.   Plaintiffs' claims are thus unlike the claims for benefits that were held completely preempted in <u>Davila</u>, for which "the wording of the plans was certainly material to the state causes of action."   As plaintiffs explain, they "have already received all the benefits they were due in the form of medical expense coverage, and make no claim for any more."

<u>Id.</u> at 242 (brackets and citations omitted).   The court noted that "plaintiffs' claims

are based on a state law that regulates insurance and are not based on the terms of

their plans."   <u>Id.</u>   Because the defendant insurers failed to satisfy the test for

complete preemption, the Second Circuit concluded that it lacked federal subject

matter jurisdiction.

The Court rejects HMAA's efforts at distinguishing <u>Wurtz</u>.

(Opposition at 13.)   First, the Court disagrees that Wurtz is factually dissimilar to the present case.   Indeed, like in this case, the Wurtz plaintiff was an individual who settled her personal injury lawsuit and was later approached by her insurance company who asserted a lien on her settlement for recovery of medical expenses it had paid.   Wurtz, 761 F.3d at 237.   Like Rudel, the Wurtz plaintiff sought a declaration that her insurance company "did not have a right to seek reimbursement or subrogation of medical benefits against plaintiff's tort settlement."   Id. Second, the Court finds that Wurtz applied the correct standard when addressing the first prong of the Davila two-part test.   See Wurtz, 761 F.3d at 241 (noting that, "under Davila, claims are completely preempted by ERISA if they are brought (i) by 'an individual who at some point in time, could have brought his claim under ERISA § 502(a)(1)(B)'".)   Accordingly, the Court finds that Wurtz is factually similar to this case and applied the correct standard.

As in Wurtz, Rudel's ERISA plan is irrelevant to his state law claim, and the Court finds that Rudel's state law claim for determination of the validity of HMAA's claim of lien could not have been brought under § 502(a). Consequently, HMAA fails to satisfy the first prong of the Davila test, and the Court finds that Rudel's claim is not completely preempted by § 502(a).   Marin, 581 F.3d at 947 ("A state-law cause of action is preempted by §502(a)(1)(B) only if

both prongs of the test are satisfied.").   Because the claim is not completely

preempted, HMAA fails to establish federal question jurisdiction and the Court

recommends that this action be remanded.   Id. ("Because the claims are not

completely preempted under § 502(a)(1)(B), there is no federal question subject

matter jurisdiction in federal court.   Removal from state court was therefore

improper.").

CONCLUSION

The Court finds that it lacks jurisdiction over this case and removal

was therefore improper.   Consequently, the Court recommends that this action be

remanded to state court.   Accordingly, the Court finds and recommends that

Rudel's Motion for Remand (Doc. 10) be GRANTED.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, March 31, 2016.



 /S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge


Randy Rudel v. HMAA, CIV. NO. 15-00539 JMS-BMK, FINDINGS AND
RECOMMENDATION TO GRANT PLAINTIFF'S MOTION TO REMAND (DOC. 10).