IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| RANDY RUDEL, | CIV. NO. 15-00539 JMS-RLP |
| Plaintiff, | ORDER REJECTING THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF'S MOTION TO REMAND, DOC. NO. 15 |
| vs. | |
| HAWAII MANAGEMENT ALLIANCE ASSOCIATION, | |
| Defendant. | |

## ORDER REJECTING THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF'S MOTION TO REMAND, DOC. NO. 15

### I. INTRODUCTION

This case arises from Defendant Hawaii Management Alliance Association's ("HMAA") lien for $400,779.70 of the medical expenses it paid pursuant to Plaintiff Randy Rudel's ("Plaintiff" or "Rudel") HMAA benefit plan (the "Plan") after Rudel was injured in a motorcycle crash. According to HMAA, the Plan entitles HMAA to reimbursement in light of Rudel's $1,500,000 third-party tort settlement related to the motorcycle crash. Rudel initiated a state-court action to determine the validity of HMAA's lien (the "Petition"), and HMAA removed the Petition to this court asserting that this matter is completely preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"),

29 U.S.C. §§ 1001 *et seq.* Doc. No. 1.

Currently before the court is HMAA's Objections to Magistrate Judge Barry M. Kurren's March 31, 2016 Findings and Recommendation to Grant Plaintiff's Motion to Remand ("F&R"). Doc. No. 18. The parties have extensively briefed this issue. First, the parties briefed Plaintiff's Motion to Remand (the "Motion") before Magistrate Judge Kurren. *See* Doc. Nos. 10, 12, 14. Then, after Magistrate Judge Kurren issued the F&R, Doc. No. 15, HMAA objected to the F&R in full, Doc. No. 18, and Plaintiff responded, Doc. No. 20. Meanwhile, another court in this district decided a substantially similar case, *Noetzel v. Hawaii Medical Service Association*, 2016 WL 1698264 (D. Haw. Apr. 27, 2016), and the court allowed the parties supplemental briefing to address Judge Susan Oki Mollway's ruling in that case. *See* Doc. Nos. 22, 23, 24.

The court has conducted a careful *de novo* review of parties' briefing, the F&R, and the applicable law. *See* Fed. R. Civ. P. 72(b)(3); Local Rule ("LR") 74.2. Because the Ninth Circuit has not yet decided the issue raised by the Motion, the court has also carefully reviewed both Judge Mollway's April 27, 2016 Order as well as her July 27, 2016 Order Denying Reconsideration. *See Noetzel v. Hawaii Med. Serv. Ass'n*, 2016 WL 4033099 (D. Haw. July 27, 2016). The court fully concurs with both of Judge Mollway's *Noetzel* orders and relies heavily upon

them in this Order.

Pursuant to LR 7.2(d), the court determines the Motion without a hearing. Moreover, because the parties are well-aware of the factual and procedural history of this case, as well as the applicable legal issues, the court's Order directly focuses on the dispositive issue before the court: Does ERISA completely preempt the Petition? For the reasons that follow, the court answers that question in the affirmative, rejects the F&R, and DENIES the Motion.

## II. ANALYSIS

*Aetna Health Inc. v. Davila*, 542 U.S. 200 (2004), articulated a two-prong conjunctive test for deciding whether a state-law cause of action is completely preempted by ERISA. A state law claim is preempted if: (1) the plaintiff "could have brought his claim under ERISA §502(a)(1)(B)"; and (2) "there is no other independent legal duty that is implicated by a defendant's actions." *Davila*, 542 U.S. at 210. *See also Fossen v. Blue Cross & Blue Shield of Montana, Inc.*, 660 F.3d 1102, 1107-08 (9th Cir. 2011). The court addresses each prong in turn.

*First*, could Rudel have brought his claim under ERISA §502(a)(1)(B)? Section 502(a)(1)(B) provides that a Plan participant or beneficiary may bring a civil action "to recover benefits due to him under the terms

of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a). In determining whether § 502(a)(1)(B) applies, courts must avoid "distinguishing between pre-empted and non-preempted claims based on the particular label affixed to them" because doing so "would elevate form over substance and allow parties to evade the pre-emptive scope of ERISA." *Davila*, 542 U.S. at 214 (internal quotations and citation omitted). Accordingly, the court "examine[s] the essence of a claim" when evaluating whether a claim falls within ERISA's preemptive scope. *Noetzel*, 2016 WL 1698264, at *10.

Rudel argues that it is "patently clear" his Petition is brought pursuant to Hawaii state law instead of ERISA. Doc. No. 10, Mot. at 7. According to Rudel, ERISA § 502(a)(1)(B) does not apply because the Petition does not seek to recover benefits under the terms of the Plan. *Id.* at 14. Rather, Rudel argues, the Petition only seeks to *keep* benefits already provided by HMAA. *Id.* Rudel misses the point. "Focusing on how a claim is pled risks missing the critical inquiry as to whether 'an individual, at some point in time *could have* brought his claim under ERISA §502(a).'" *Noetzel*, 2016 WL 1698264, at *11 (citing *Davila*, 542 U.S. at 210).

Here, HMAA's lien places Rudel's benefits "'under something of a

cloud.'" *Id.* at *9 (citing *Arana v. Ochsner Health Plan*, 338 F.3d 433, 438 (5th Cir. 2003) (en banc)). Rudel's Petition seeks to remove the "cloud" by obtaining "recovery of the entire benefit provided by [HMAA], as opposed to the benefit minus the amount to be reimbursed to [HMAA]." *Id.* The essence of the Petition, therefore, is that "although the benefits have already been paid, [Rudel] has not fully 'recovered them because [he] has not obtained the benefits free and clear of [HMAA's] claims." *Id.* (quoting *Arana*, 338 F.3d at 438).

The fact that HMAA has "already provided the benefits to [Rudel] as opposed to having denied them in the first instance, does not change the nature of [his] claim[s], which, for all intents and purposes, seek[] to establish [his] entitlement to ERISA benefits." *Id.* That is:

> Congress could not have intended that § 502(a)(1)(B) be applied differently based solely on the timing of an ERISA plan provider's repudiation of a benefit. Interpreting § 502(a)(1)(B) as providing no federal remedy when benefits are initially provided but later canceled or offset would undermine "the purpose of ERISA to provide a uniform regulatory regime over employee benefit plans."

*Id.* at *10 (citing *Davila*, 542 U.S. at 208) (alterations omitted). To hold otherwise would, as *Davila* cautions against, elevate form over substance. *See Davila*, 542 U.S. at 214.

In light of the foregoing, the court finds that the Petition could have

been brought pursuant to ERISA §502(a)(1)(B): Rudel could have brought his claim under ERISA § 502(a)(1)(B) to "enforce his rights under the terms of the plan" or "to recover benefits due to him under the terms of his plan." In reaching this conclusion, the court is well aware that *Wurtz v. Rawlings Co., LLC*, 761 F.3d 232 (2d Cir. 2014) -- the case the F&R relied upon in finding that Rudel's claim was *not* within the scope of §502(a)(1)(B) -- "is the only decision cited to the court which interpreted and analyzed" *Davila*'s two-prong test.[1] Doc. No. 24, Pl.'s Supp. Br. at 8. But the court finds *Wurtz* unpersuasive because it "flouts the direction in *Davila* to examine the essence of a claim in determining whether it is completely preempted by §502(a)." *Noetzel*, 2016 WL 1698264, at *10. As such, the court finds that the first prong of *Davila* is satisfied.

  ***Second***, do HMAA's actions -- *i.e.*, placing a lien on Rudel's third-party tort settlement -- implicate any other independent legal duty? "A 'legal duty' is 'a duty arising by contract or by operation of law; an obligation the breach of

---

[1] The Ninth Circuit has not yet considered this question, but the court is persuaded by the other circuits that determined "a challenge to an ERISA plan provider's reimbursement claim falls within the scope of ERISA §502(a)(1)(B)." *Noetzel*, 2016 WL 1698264, at *7 (citing *Wirth v. Aetna U.S. Healthcare*, 469 F.3d 305 (3d Cir. 2006)); *Levine v. United Healthcare Corp.*, 402 F.3d 156 (3d Cir. 2005); *Arana v. Ochsner Health Plan*, 338 F.3d 433 (5th Cir. 2003) (en banc); *Singh v. Prudential Health Care Plan, Inc.*, 335 F.3d 278 (4th Cir. 2003)). Ultimately, "[a]lthough *Arana*, *Singh*, *Levine*, and *Wirth* did not apply the *Davila* test, they nonetheless provide useful guidance to the extent they addressed the exact question that the first prong of *Davila* requires this court to address, namely, whether a claim challenging a request for reimbursement for benefits already provided falls within the scope of § 502(a)." *Id.*

which would give a legal remedy.' A legal duty, in other words, imposes some obligation whether in contract, tort, or otherwise, that, if breached, could lead to liability under the law." *Id.* (citing Black's Law Dictionary (10th ed. 2014)). Moreover, "[s]tate law legal duties are not independent of ERISA where interpretation of the terms of the benefit plan forms an essential part of the claim, and legal liability can exist only because of the defendant's administration of ERISA-regulated benefit plans." *Id.* at *13 (citing *Davila*, 542 U.S. at 213) (some quotations, alterations, and citations omitted).

Rudel argues that "HMAA has a legal obligation, under [Hawaii Revised Statutes ("HRS")] § 431:13-103(a)(10)[][2] to participate in the reimbursement review process, if it seeks reimbursement." Doc. No. 24, Pl.'s Supp. Br. at 10. The court disagrees.

Section 431:13-103(a)(10) "allows an insurer to seek reimbursement of past benefits in accordance with [HRS] § 663-10."[3] *Noetzel*, 2016 WL 1698264, at *13 (citing HRS § 431:13-103(a)(10)(A)). In cases like this one, [w]here

---

[2] Under HRS § 431:13-103(a)(10), an insurance company may generally not refuse to provide or to limit coverage available to an individual because the individual may have a third-party claim for recovery of damages "provided that: (A) Where damages are recovered by judgment or settlement of a third-party claim, reimbursement of past benefits paid shall be allowed pursuant to section 663-10." *See* § 431:13-103(a)(10)(A).

[3] Section 663-10 provides, in relevant part, that " the court, before any judgment or stipulation to dismiss the action is approved, shall determine the validity of any claim of a lien against the amount of the judgment or settlement."

damages are recovered by . . . settlement of a third-party claim, reimbursement of past benefits paid shall be *allowed* pursuant to section 663-10." HRS § 431:13-103(a)(10)(A) (emphasis added). Section 663-10 provides, in relevant part, that "the *court* . . . shall determine the validity of any claim of a lien against the amount of the judgment or settlement." (Emphasis added.) That is, neither statute creates a legal duty for HMAA. *Noetzel*, 2016 WL 1698264, at *13. Rather, HRS § 431:13-103(a)(10) allows HMAA to seek a court's determination of whether it is entitled to reimbursement under HRS § 663-10. Accordingly, the statute is permissive. *Id.* That is, claims for reimbursement of past benefits paid are "allowed" but such claims are not obligated and failure to bring them would not create liability under the law. *See id.* at *12 (explaining that a legal duty "imposes some obligation . . . that, if breached, could lead to liability under the law").

But even if HRS § 431:13-103(a)(10) could be read as imposing a legal duty, any such duty would be dependent on ERISA. *Id.* at *13. Although Plaintiff now contends that the Petition does "not require the Hawaii state court to consider, review[,] or interpret any ERISA plan," Doc. No. 24, Pl.'s Supp. Br. at 5, both common sense and the Petition suggest otherwise. The Petition "concern[s] HMAA's right of reimbursement from the amount obtained by the third-party settlement." Doc. No. 1-2, Pet. at 9. According to the Petition, Rudel's third-party

8

tort settlement does not "correspond[] to or duplicate[] health insurance benefits paid by HMAA" and therefore the Petition "concern[s] HMAA's right of reimbursement from the amount obtained by the third-party settlement." *Id.* (emphasis omitted). But it logically follows that a court can only determine whether there was a duplication of benefits after conducting a threshold analysis of the benefits HMAA provided Rudel pursuant to the Plan. Thus, "[i]nterpretation of the terms of the Plan forms an essential part of [Rudel's] claim." *Noetzel*, 2016 WL 1698264, at *14.

Further, Rudel's Petition is dependent on ERISA because Rudel "would have no claim in the absence of the ERISA Plan itself." *Id.* That is, Rudel's Petition is challenging the validity of the Plan's request for reimbursement, and "legal liability can exist only because of the defendant's administration of ERISA-regulated benefit plans." *Noetzel*, 2016 WL 1698264, at *13. Ultimately, any legal duty HMAA might have "is entirely dependent on the ERISA Plan." *Id.* at *14.

///

///

///

///

## III. <u>CONCLUSION</u>

In sum, the court finds that Rudel's Petition satisfies both prongs of *Davila*. Accordingly, Rudel's Petition is completely preempted by § 502(a) of ERISA. *Davila*, 504 U.S. at 222. The court therefore rejects the F&R and DENIES the Motion.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, August 1, 2016.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*Rudel v. Hawaii Mgmt. Alliance Ass'n*, Civ. No. 15-00539 JMS-RLP, Order Rejecting the Magistrate Judge's Findings and Recommendation to Grant Plaintiff's Motion to Remand, Doc. No. 15